WALL *et al. vs.* WOOLBRIGHT, executor, *et al.*

Certain complainants obtained a decree against the defendants, by which the latter were authorized to raise their mill-dam to a certain height, and it was provided that the defendants should clear their pond of all timber. They were allowed six months from the rendition of the decree so to do, and if they failed to clear the pond of timber within that time, it was to be abated as a nuisance. After the expiration of the time allowed, complainants filed an affidavit with the clerk of the superior court, stating that defendants had failed to clear their pond; and thereupon the clerk issued a process directed to the sheriff, commanding him to pull down defendants' dam and abate the same as a nuisance. To this process defendants filed an affidavit of illegality. The jury found in favor of the illegality, and the judge quashed the process :

*Held,* that the clerk had no power to issue such process, and whatever errors may have been committed on the trial of the issue, the quashing of the process was right, and a new trial will not be granted.

October 2, 1883.

Nuisance. Process. Equity. Decree. Clerk of Superior Court. Before Judge CLARK. Terrell Superior Court. May Term, 1883.

Reported in the decision.

L. C. HOYL, for plaintiffs in error.

J. G. PARKS; J. H. GUERRY, for defendant.

BLANDFORD, Justice.

The plaintiffs in error obtained a decree against the defendants in error, whereby the defendants were authorized to raise their mill-dam to a certain height, and that the defendants should clear their pond of all timber; and they were to have six months from the rendition of the decree so to do; and if they failed to clear the pond in this time of the timber, then the same should be abated as a nuisance. The plaintiffs, after the expiration of the time allowed for the clearing the pond of timber, filed an affidavit with the clerk of the superior court, in which they stated that the defendants had failed to clear the pond of timber. Thereupon the clerk issued a certain process directed to the sheriff, commanding him to pull down defendants' dam and abate the same as a nuisance. To this process defendants filed their affidavit of illegality on several grounds, and upon the trial of this illegality the jury found the issue in favor of the affiants, the defendants. The plaintiffs made a motion for new trial on several grounds, which was refused by the court, and this refusal is assigned for error.

Under the decree rendered in this case, the clerk of the superior court had no power to issue the process which he did, and the same was null and void. So it would not matter what errors of law the court might have committed on the trial of the issues formed on the illegality, or whether the verdict of the jury was in accordance with or against the evidence. They did find in favor of the illegality of the process, and the same was quashed by the court. This judgment of the court was right. The clerk of the court could not execute this decree in this way. The judgment of the court below in overruling the motion for new trial is affirmed.

Judgment affirmed.